**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-2380**

─────────────

ARIEL CARRASCO INESTROZA,

　　　　　　Petitioner,

　　　v.

PAMELA JO BONDI, Attorney General,

　　　　　　Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted: March 26, 2026　　　　　　　　　　Decided: March 30, 2026

─────────────

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Ariel Carrasco Inestroza, Petitioner Pro Se.　Nancy Do Pham, Remi da Rocha-Afodu, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ariel Carrasco Inestroza, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's oral decision denying Carrasco Inestroza's applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

The lone substantive contention before us is Carrasco Inestroza's claim that removal proceedings should not have commenced because he is a DACA recipient.[*] However, review of the administrative record belies this claim. First, the qualified representative assigned to represent Carrasco Inestroza in his removal proceedings observed in the prehearing brief that Carrasco Inestroza's DACA status terminated in February 2023. The Notice to Appear, which charged Carrasco Inestroza with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) because he was present in the United States without admission or parole, was not issued until October 2024. The record also clearly establishes the multiple misdemeanor convictions that Carrasco Inestroza sustained prior to service of the Notice to Appear. *See Gonzalez v. Garland*, 16 F.4th 131, 135 (4th Cir. 2021) (explaining that "noncitizens are not eligible to receive relief pursuant to DACA if they have been convicted

---

[*] We observe that, even affording the informal brief a liberal construction, Carrasco Inestroza has forfeited appellate review of the agency's rulings related to the denial of relief from removal by failing to raise responsive arguments in his informal brief. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

2

of multiple misdemeanors, a single significant misdemeanor, or any felony offense" (internal quotation marks omitted)).  Thus, we reject the contention that Carrasco Inestroza's DACA status precluded his removability in the first instance.

Accordingly, we deny the petition for review.  *In re Carrasco Inestroza* (B.I.A. Oct. 24, 2025).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*